Wells Fargo Bank, N.A. v Khan (2020 NY Slip Op 06577)





Wells Fargo Bank, N.A. v Khan


2020 NY Slip Op 06577


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-12107
 (Index No. 714459/16)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Simon Khan, et al., respondents, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Virginia C. Grapensteter, Austin T. Shufelt, and Ellis M. Oster of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered August 27, 2018. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court entered March 14, 2018, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Simon Khan and Yeonsu Choi and for an order of reference.
ORDERED that the order entered August 27, 2018, is reversed insofar as appealed from, on the law, with costs, the determination in the order entered March 14, 2018, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Simon Khan and Yeonsu Choi and for an order of reference is vacated, and those branches of the motion are granted.
The plaintiff commenced this mortgage foreclosure action in November 2016, annexing, inter alia, a copy of the note, indorsed in blank, to the complaint. The defendants Simon Khan and Yeonsu Choi (hereinafter together the defendants) interposed an answer generally denying the allegations in the complaint and asserting several affirmative defenses, including lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
In an order entered March 14, 2018, the Supreme Court denied the plaintiff's motion, determining that while the plaintiff established its prima facie entitlement to judgment as a matter of law, the defendants raised triable issues of fact in opposition. The plaintiff moved for leave to reargue. In an order entered August 27, 2018, the Supreme Court, in effect, granted leave to reargue, but adhered to its prior determination. The plaintiff appeals from the August 27, 2018 order.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Here, the plaintiff established, prima facie, its standing to commence this action by attaching a copy of the note, indorsed in blank, to the complaint (see American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632, 633-634; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 933). Further, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and [*2]evidence of default (see Nationstar Mtge., LLC v Shivers, 179 AD3d at 932, Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011-1012).
Accordingly, the Supreme Court, upon reargument, should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court