U.S. Bank NA v Smith (2021 NY Slip Op 00587)





U.S. Bank NA v Smith


2021 NY Slip Op 00587


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-09983 
2018-09985
2019-04745
 (Index No. 52140/17)

[*1]U.S. Bank NA, etc., respondent, 
v
Pamela W. Smith, etc., appellant, et al., defendants.


Kupillas Unger & Benjamin, New York, NY (Jeffrey Benjamin of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Diane C. Ragosa of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pamela W. Smith appeals from two orders of the Supreme Court, Westchester County (William J. Giacomo, J.), both dated July 17, 2018, and an order and judgment of foreclosure and sale (one paper) of the same court, dated March 13, 2019. The first order dated July 17, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Pamela W. Smith, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her. The second order dated July 17, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Pamela W. Smith, to strike that defendant's answer, and for an order of reference, and appointed a referee. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated March 13, 2019, inter alia, denying that branch of the defendant Pamela W. Smith's cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred, directed the sale of the subject property.
ORDERED that the appeals from the orders dated July 17, 2018, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated July 17, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and [*2]judgment of foreclosure and sale (see CPLR 5501[a][1]).
On February 16, 2017, the plaintiff commenced this action against the defendant Pamela W. Smith (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Ossining. The defendant answered the complaint, raising certain affirmative defenses including lack of standing, failure to comply with RPAPL 1303 and 1304, and expiration of the statute of limitations. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted the aforementioned branches of the plaintiff's motion and denied the defendant's cross motion.
After issuance of the referee's report, and in response to the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, the defendant cross-moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. In an order dated March 13, 2019, the Supreme Court, inter alia, denied that branch of the defendant's cross motion. The court then issued an order and judgment of foreclosure and sale dated March 13, 2019, which, among other things, directed the sale of the subject property. The defendant appeals from the order and judgment of foreclosure and sale.
Contrary to the defendant's contention, the plaintiff established, prima facie, that it had standing to commence this action by annexing to the complaint a copy of the note, endorsed in blank (see Wells Fargo Bank, N.A. v Khan, 188 AD3d 952; Deutsche Bank Natl. Trust Co. v Denardo, 167 AD3d 710, 712). In opposition, to this showing, the defendant failed to raise a triable issue of fact.
Further, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1303, by submitting affidavits of service establishing proper service upon the defendant of the notice required by that statute (see Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 772; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 102-103). In opposition, the defendant did not submit any evidence to rebut the affidavit of service or otherwise raise a triable issue of fact.
The plaintiff also demonstrated, prima facie, that it complied with RPAPL 1304. Pursuant to that statute, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[1], [2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti—Scheurer, 172 AD3d 17).
Here, the plaintiff submitted an affidavit from a representative of its loan servicer, describing, based upon personal knowledge, the servicer's standard office mailing procedure, designed to ensure that items are properly addressed and mailed (see PennyMac Corp. v Arora, 184 AD3d 652). The affiant further averred, based upon his review of the servicer's business records, that the requisite notice was timely sent in the prescribed manner, and the affiant attached to his affidavit a copy of the notice as well as the business records upon which he relied (see id.). In opposition to this prima facie showing of compliance with RPAPL 1304, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and denied the defendant's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her.
The defendant was barred from raising her statute of limitations defense after the Supreme Court granted the plaintiff's opposed motion, inter alia, to strike her answer (see CPLR 3018[b], 3211[e]). In any event, the defense was without merit.
The defendant's remaining contention is without merit. We therefore affirm the order and judgment of foreclosure and sale insofar as appealed from.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court