U.S. Bank N.A. v Derissaint (2021 NY Slip Op 02187)





U.S. Bank N.A. v Derissaint


2021 NY Slip Op 02187


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-03333
 (Index No. 504582/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Marie Derissaint, etc., respondent, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Alex Cameron, Austin T. Shufelt, and Ellis M. Oster of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 10, 2019. The order, insofar as appealed from, upon renewal, adhered to a determination in an order of the same court dated June 18, 2018, granting the motion of the defendant Marie Derissaint pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order dated January 10, 2019, is affirmed insofar as appealed from, with costs.
In July 2006, the defendant Marie Derissaint (hereinafter the defendant) executed a note in the amount of $460,000 in favor of the plaintiff's predecessor. The note was secured by a mortgage on residential real property located in Brooklyn.
On October 6, 2009, the plaintiff commenced an action to foreclose the mortgage against, among others, the defendant. In an order dated March 1, 2011, the Supreme Court dismissed the action without prejudice.
In November 2013, the plaintiff commenced another action to foreclose the mortgage. In an order dated October 22, 2015, the Supreme Court, inter alia, granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her.
In March 2016, the plaintiff commenced the instant foreclosure action based upon the same default alleged in the prior foreclosure actions. According to the affidavit of service of the plaintiff's process server, the summons and complaint was affixed to the defendant's door on July 11, 2016, and the summons and complaint was mailed to the same premises on July 15, 2016.
In August 2016, the defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. In an order dated June 18, 2018, the Supreme Court granted the defendant's motion. The plaintiff then moved for leave to renew its opposition to the defendant's motion. In an order dated January 10, 2019, the court granted leave to renew and, upon renewal, adhered to the prior determination in the June 18, 2018 order. The [*2]plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608). A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]).
Here, the six-year statute of limitations began to run on the entire debt on October 6, 2009, when the plaintiff commenced the first foreclosure action and "elect[ed] to call due the entire amount secured by the mortgage." Calculating from October 6, 2009, the statute of limitations expired on October 6, 2015. Thus any action to recover on the mortgage commenced after October 6, 2015, would be barred by the statute of limitations. Since the instant action was not commenced on or before October 6, 2015, the defendant sustained her initial burden of demonstrating, prima facie, that the action was untimely (see U.S. Bank Trust, N.A. v Miele,186AD3d 526, 528; Halfon v U.S. Bank, N.A., 169 AD3d 653, 654; Kashipour v Wilmingon Sav. Fund Soc., FSB, 144 AD3d 985, 987).
Where, as here, a defendant satisfies the initial burden of proof on a motion pursuant to CPLR 3211(a)(5), "the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952). Here, in opposition to the defendant's prima facie showing, the plaintiff failed to raise a question of fact.
Contrary to the plaintiff's contention, the six-month grace period provided under CPLR 205(a) is not applicable here. CPLR 205(a) extends the statute of limitations for six months after the dismissal of a prior action as long as, inter alia, "service upon defendant is effected within such six-month period." Here, the defendant was not served within the six-month period after the 2013 action was dismissed (see Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d 774; cf. Goodman v Skanska USA Civ., Inc., 169 AD3d 1010). Nor was the plaintiff entitled to a toll under CPLR 204(a) (see Christiana Trust v Barua, 184 AD3d 140, 151-152; HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 506-507). Further, contrary to the plaintiff's contention, "[t]he notice period of RPAPL 1304 does not operate to toll the statute of limitations" (Christiana Trust v Barua, 184 AD3d at 151; see U.S. Bank N.A. v Francis, 189 AD3d 1511, 1513; Bank of N.Y. Mellon Corp. v Alvarado, 189 AD3d 1149, 1151).
Finally, contrary to the plaintiff's contention, the Supreme Court could not have extended the time to serve the defendant (see CPLR 201; Anderson v Allstate Ins. Co., 171 AD3d 1331, 1334; Zayed v New York City Dept. of Design & Constr., 157 AD3d 410; Dioguardi v Glassey, 5 AD3d 430, 430).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court