Nationstar Mtge., LLC v Weisz (2021 NY Slip Op 04024)





Nationstar Mtge., LLC v Weisz


2021 NY Slip Op 04024


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-04926
 (Index No. 512291/17)

[*1]Nationstar Mortgage, LLC, appellant, 
v
Rebecca Weisz, et al., respondents, et al., defendants.


McCabe, Weisberg & Conway, LLC, Melville, NY (Kenneth Britt of counsel), for appellant.
Allen M. Lowy, New York, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 19, 2019. The order granted that branch of the motion of the defendants Rebecca Weisz and PJK Holdings, LLC, which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed, with costs.
In April 2008, the defendant Rebecca Weisz executed a note in the amount of $533,850 in favor of HSBC Mortgage Corporation (USA) (hereinafter HSBC), the plaintiff's predecessor. The note was secured by a mortgage on certain real property located in Brooklyn.
On or about June 16, 2010, HSBC commenced an action to foreclose the mortgage against, among others, Weisz (hereinafter the 2010 action). Weisz defaulted in answering, and HSBC moved for a default judgment. In 2011, HSBC moved to withdraw its motion for a default judgment. HSBC did not voluntarily discontinue the 2010 action (cf. Freedom Mtge. Corp. v Engel, _____ NY3d _____, 2021 NY Slip Op 01090). In an order dated July 28, 2011, the Supreme Court granted HSBC's motion and, sua sponte, dismissed the complaint "without prejudice" with the condition that the plaintiff comply with the affirmation requirements promulgated by the Chief Administrative Judge on October 20, 2010, as revised on March 2, 2011.
On December 1, 2016, Weisz transferred ownership of the subject property to the defendant PJK Holdings, LLC (hereinafter PJK). In January 2017, HSBC assigned the note and mortgage to the plaintiff.
On or about June 22, 2017, the plaintiff commenced the instant action to foreclose the mortgage against, among others, Weisz and PJK (hereinafter together the defendants). The defendants interposed an answer asserting, inter alia, that the applicable statute of limitations had expired. Thereafter, the defendants moved, among other things, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The Supreme Court granted that branch of the defendants' motion. The plaintiff appeals.
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]; see U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791).
Here, the six-year statute of limitations began to run on the entire debt on or about June 16, 2010, when HSBC commenced the 2010 action. Since the plaintiff did not commence the instant action until June 22, 2017, the defendants sustained their initial burden of demonstrating, prima facie, that the action was untimely (see U.S. Bank N.A. v Derissaint, 193 AD3d at 791).
Where, as here, the defendants satisfy the initial burden of proof on a motion, in effect, pursuant to CPLR 3211(a)(5), "the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952). Here, in opposition to the defendants' prima facie showing, the plaintiff failed to raise a question of fact as to whether the action was timely pursuant to the savings provision of CPLR 205(a) (cf. Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1074).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court