Ditech Fin., LLC v Connors (2022 NY Slip Op 03709)

Ditech Fin., LLC v Connors

2022 NY Slip Op 03709

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-05565 
2019-05566
 (Index No. 610812/15)

[*1]Ditech Financial, LLC, etc., respondent,
v
Maria E. Connors, et al., appellants, et al., defendants.

Mildred J. Michalczyk, East Farmingdale, NY, for appellants.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Maria E. Connors, Felix A. Romero, and Gertrude F. Romero appeal from two orders of the Supreme Court, Suffolk County (James Hudson, J.), both dated February 11, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and denied those defendants' cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against the defendant Maria E. Connors. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeals by the defendants Felix A. Romero and Gertrude F. Romero are dismissed, without costs or disbursements; and it is further,
ORDERED that the appeals by the defendant Maria E. Connors from so much of the orders as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Felix A. Romero and Gertrude F. Romero and to strike the answer of the defendants Maria E. Connors, Felix A. Romero, and Gertrude F. Romero insofar as interposed by the defendants Felix A. Romero and Gertrude F. Romero are dismissed, without costs or disbursements, as the defendant Maria E. Connors is not aggrieved by those portions of the orders (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the orders are affirmed insofar as reviewed on the appeals by the defendant Maria E. Connors, without costs or disbursements.
The appeals by the defendants Felix A. Romero and Gertrude F. Romero must be dismissed because those defendants died before the date of the notice of appeal, and the attorney who filed the notice of appeal for them lacked authority to act on their behalf (see Lewis v Kessler, 12 AD3d 421, 422).
On April 13, 2005, the defendant Maria E. Connors (hereinafter the defendant) and the defendants Felix A. Romero and Gertrude F. Romero (hereinafter together the Romeros) executed a note in the sum of $270,400 in favor of nonparty GreenPoint Mortgage Funding, Inc. (hereinafter Greenpoint). The note was secured by a mortgage on certain real property located in Nassau County. The property was owned by the defendant and the Romeros as joint tenants with [*2]right of survivorship.
In August 2008, an action was commenced to foreclose the mortgage (hereinafter the 2008 action). On October 8, 2015, Ditech Financial, LLC, formerly known as Green Tree Servicing, LLC (hereinafter the plaintiff), a successor in interest to Greenpoint, and the plaintiff in the instant action, commenced this action to foreclose the mortgage against the defendant, among others. The defendant, jointly with the Romeros, thereafter answered the complaint raising certain affirmative defenses, including lack of standing.
In May 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the plaintiff's motion, and cross-moved, jointly with the Romeros, inter alia, for summary judgment dismissing the complaint insofar as asserted against her on the grounds that the plaintiff: lacked standing, failed to comply with RPAPL 1304, and failed to comply with the notice of default provision in the mortgage. The defendant also sought an award of attorney's fees. In a reply affirmation, the defendant, for the first time, argued that the instant action was time-barred, and also, that the action should be dismissed, in effect, pursuant to RPAPL 1301(3).
In two orders, both dated February 11, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and denied the defendant's cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. The defendant appeals.
Contrary to the defendant's contention, the plaintiff established, prima facie, that it had standing to commence the action by annexing to the complaint a copy of the note, endorsed in blank (see U.S. Bank NA v Smith, 191 AD3d 726, 728; Wells Fargo Bank, N.A. v Khan, 188 AD3d 952, 953). In opposition, the defendant failed to raise a triable issue of fact as to the issue of standing.
Moreover, the plaintiff demonstrated, prima facie, that it complied with RPAPL 1304. Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[1], [2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that the items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank NA v Smith, 191 AD3d at 728 [internal quotation marks omitted]; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). Here, the plaintiff submitted an affidavit of mailing by Tamala Miller, an employee of Green Tree Servicing, LLC, who averred that she personally mailed the required RPAPL 1304 notices by first-class and certified mail to the defendant, as well as to the Romeros (see U.S. Bank NA v Smith, 191 AD3d at 728; Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1129). In opposition, the defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to raise a triable issue of fact (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786). Moreover, the defendant's contention that the RPAPL 1304 notices were not properly addressed to the Romeros is insufficient to raise a triable issue of fact, as neither one of them submitted an affidavit denying that the address on the notices was the correct address (see Zuckerman v City of New York, 49 NY2d 557, 562).
Contrary to the defendant's contention, she failed to demonstrate, prima facie, that the instant action was barred by the statute of limitations. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867 [internal quotation marks omitted]; see 21st [*3]Mortgage Corp. v Rudman, 201 AD3d 618, 621). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22; Ditech Fin., LLC v Rapuzzi, 187 AD3d 715, 716).
Here, the defendant failed to establish that the mortgage debt was accelerated. While the defendant asserts that the loan was "presumably accelerated" in August 2008 by the commencement of the 2008 action, and that the six-year statute of limitations had run when the instant action was commenced in 2015, the complaint in the 2008 action was not part of the record before the Supreme Court. Therefore, the record is devoid of any proof that the complaint in the 2008 action contained a sworn statement whereby the plaintiff elected to call due the entire amount secured by the mortgage, and thus accelerated the debt (see Freedom Mtge. Corp. v Engel, 37 NY3d at 22; see generally U.S. Bank NA v Davids, 197 AD3d 1203). Accordingly, the defendant failed to demonstrate, prima facie, that the instant action was time-barred (see U.S. Bank NA v Davids, 197 AD3d at 1205). Moreover, the defendant improperly raised the argument that the action was time-barred for the first time in her reply papers (see Castro v Durban, 161 AD3d 939, 941; Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677, 677). "The function of reply papers is to address arguments made in opposition to the position taken by the movant, not to introduce new arguments or new grounds for the requested relief" (Castro v Durban, 161 AD3d at 941; see Matter of Harleysville Ins. Co. v Rosario, 17 AD3d at 677-678).
The defendant's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and denied the defendant's cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against her.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court