Green Tree Servicing, LLC v Weiss (2023 NY Slip Op 06240)

Green Tree Servicing, LLC v Weiss

2023 NY Slip Op 06240

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-05416
 (Index No. 33634/15)

[*1]Green Tree Servicing, LLC, appellant, 
v
Abraham Weiss, et al., respondents, et al., defendants.

Aldridge Pite, LLP, Melville, NY (Kenneth Sheehan of counsel), for appellant.
Allen A. Kolber (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated June 3, 2021. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order of the same court dated September 17, 2019, inter alia, granting that branch of the motion of the defendants Abraham Weiss and Esther Weiss which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations.
ORDERED that the order dated June 3, 2021, is affirmed insofar as appealed from, with costs.
In June 2009, BAC Home Loan Service, L.P., formerly known as Countrywide Home Loan Servicing, Inc. (hereinafter BAC), commenced an action against the defendants Abraham Weiss and Esther Weiss (hereinafter together the defendants) to foreclose a mortgage (hereinafter the mortgage) encumbering certain real property in Spring Valley (hereinafter the 2009 action). However, BAC did not prosecute the 2009 action and filed a notice of discontinuance of the 2009 action on October 23, 2015.
In July 2015, approximately two months before the plaintiff moved to discontinue the 2009 action, the plaintiff commenced this action to foreclose the mortgage. After joining issue, the defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations. The plaintiff opposed. As relevant to the appeal, by order dated September 17, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them as barred by the statute of limitations (hereinafter the September 2019 order).
Thereafter, the plaintiff moved pursuant to CPLR 2221(e)(2) to renew its opposition, inter alia, to that branch of the defendants' motion which was to dismiss the complaint as time-barred based upon the holding in Freedom Mtge. Corp. v Engel (37 NY3d 1). The defendants opposed. By order dated June 3, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to renew, and, upon renewal, adhered to its prior determination in the September 2019 order. The plaintiff appeals, contending that the complaint was [*2]timely interposed as the matter was commenced before the expiration of the statute of limitations period governing actions to foreclose mortgages. We affirm.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Dallas, 212 AD3d 680, 682). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd—Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014—1 v Kator, 213 AD3d 915, 916). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d at 22; GMAT Legal Title Trust 2014—1 v Kator, 213 AD3d at 916; Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
On a motion to dismiss a complaint "on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791). Where "a defendant satisfies the initial burden of proof on a motion pursuant to CPLR 3211(a)(5), 'the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period'" (U.S. Bank N.A. v Derissaint, 193 AD3d at 791-792 quoting Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
Contrary to the plaintiff's contention, the defendants demonstrated, prima facie, that this action was time-barred by showing that more than six years had elapsed since the debt was accelerated by the commencement of the 2009 action (see U.S. Bank N.A. v Onuoha, 216 AD3d 1069, 1072; Select Portfolio Servicing, Inc. v Sampson, 216 AD3d 693, 694). In opposition, the plaintiff failed to raise a question of fact (see U.S. Bank N.A. v Derissaint, 193 AD3d at 792).
Accordingly, upon renewal, the Supreme Court properly adhered to its prior determination in the September 2019 order granting, inter alia, that branch of the defendants' motion
which was to dismiss the complaint insofar as asserted against them as time-barred.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court