Bank of N.Y. Mellon v Jones (2025 NY Slip Op 03696)

Bank of N.Y. Mellon v Jones

2025 NY Slip Op 03696

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-02922
 (Index No. 515159/23)

[*1]Bank of New York Mellon, etc., appellant,
v
Tyrana Jones, etc., respondent, et al., defendants.

Akerman LLP, New York, NY (Jordan M. Smith and Monique J. Arrington of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 6, 2023. The order granted the motion of the defendant Tyrana Jones pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed, without costs or disbursements.
On April 29, 2009, the plaintiff commenced an action (hereinafter the 2009 action) against the defendant Tyrana Jones (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn (hereinafter the premises). In the complaint, the plaintiff elected to call due the entire unpaid balance of the mortgage loan.
In July 2013, the plaintiff moved to discontinue the 2009 action and to cancel the notice of pendency filed against the premises. In an order dated December 8, 2015, the Supreme Court granted the motion.
On May 23, 2023, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred under the recently enacted Foreclosure Abuse Prevention Act (hereinafter FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). The plaintiff opposed the motion. In an order dated November 6, 2023, the Supreme Court granted the motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time [*2]in which to commence the action has expired (see U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see id.).
Here, the defendant established, prima facie, that this action was time-barred by showing that more than six years had elapsed since the debt was accelerated by the commencement of the 2009 action (see Green Tree Servicing, LLC v Weiss, 222 AD3d 626, 627-628; U.S. Bank N.A. v Derissaint, 193 AD3d at 791).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a question of fact as to whether the action was timely commenced. Contrary to the plaintiff's contention, its voluntary discontinuance of the 2009 action did not serve to reset the statute of limitations (see CPLR 3217[e]; 203[h]; Maneri v Residential Funding Co., LLC, 227 AD3d 796, 798; ARCPE 1, LLC v DeBrosse, 217 AD3d 999, 1001-1002).
The plaintiff's contentions challenging FAPA's retroactive application and constitutionality under the United States and New York Constitutions are also without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court