Matter of Barberan v Town of Eastchester (2025 NY Slip Op 06164)

Matter of Barberan v Town of Eastchester

2025 NY Slip Op 06164

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-06213
 (Index No. 57616/22)

[*1]In the Matter of Anthony Barberan, appellant,
v
Town of Eastchester, respondent.

Sussman & Goldman, Goshen, NY (Michael H. Sussman of counsel), for appellant.
Vincent Toomey, Lake Success, NY (Heather P. Harrison of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Eastchester dated November 18, 2021, which adopted the report and recommendation of a hearing officer dated October 18, 2021, made after a hearing, finding the petitioner guilty of 12 specifications of misconduct and incompetence, and terminated the petitioner's employment as a police officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated July 11, 2022. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a)(5) and 7804(f) to dismiss the petition as time-barred and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In February 2021, the respondent, Town of Eastchester, charged the petitioner, a police officer employed by the Town, with misconduct and incompetence. After a hearing, in a report and recommendation dated October 18, 2021, the hearing officer found the petitioner guilty of all charges and recommended termination of his employment. By resolution adopted on November 16, 2021, the Town Board of the Town of Eastchester (hereinafter the Town Board) adopted the report and recommendation and terminated the petitioner's employment as a police officer. The Town Board's resolution was provided to the petitioner by letter dated November 18, 2021. On March 14, 2022, the petitioner commenced this CPLR article 78 proceeding to review that determination. Before answering, the Town moved pursuant to CPLR 3211(a)(5) and 7804(f) to dismiss the petition as time-barred. In an order and judgment dated July 11, 2022, the Supreme Court granted the Town's motion and dismissed the proceeding. The petitioner appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Bank of N.Y. Mellon v Jones, 239 AD3d 805, 806; see U.S. Bank N.A. v Derissaint, 193 AD3d 790, 790). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Bank of N.Y. Mellon v Jones, 239 AD3d at 806; see U.S. Bank N.A. v Derissaint, 193 AD3d at 790).
"Unless a shorter time is provided in the law authorizing the proceeding, a four-month statute of limitations is generally applicable to proceedings pursuant to CPLR article 78" (Rock v New York City Employees' Retirement Sys., 231 AD3d 979, 982 [internal quotation marks omitted]; see CPLR 217[1]; Matter of De Milio v Borghard, 55 NY2d 216, 219). Section 8 of the Westchester County Police Act, as amended, states that the review of a disciplinary "conviction of any member of such police force" shall be presented to the court "within sixty days after the conviction" (L 1936, ch 104, § 8, as amended by L 1941, ch 812, § 2).
Here, the Town established, prima facie, that this proceeding was time-barred by showing that the petition was not filed within 60 days from the Town Board's determination (see id.; Bank of N.Y. Mellon v Jones, 239 AD3d at 806; U.S. Bank N.A. v Derissaint, 193 AD3d at 790).
In opposition to the Town's prima facie showing, the petitioner failed to raise a question of fact as to whether the proceeding was timely commenced. "[I]t is well settled that an argument 'may not be raised for the first time before the courts in an article 78 proceeding'" (Matter of Peckham v Calogero, 12 NY3d 424, 430, quoting Matter of Yonkers Gardens Co. v State of N.Y. Div. of Hous. & Community Renewal, 51 NY2d 966, 967; see Matter of Lebowitz v Suffolk County, 237 AD3d 938, 940).
Here, the petitioner's contention that his disciplinary proceeding was not governed by the Westchester County Police Act was not raised until the petitioner commenced this CPLR article 78 proceeding, and therefore, the Supreme Court should not have considered that issue (see Matter of Margulies v Town of Ramapo, 226 AD3d 783, 786; Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d 720, 721).
In any event, the Supreme Court properly granted the Town's motion pursuant to CPLR 3211(a)(5) and 7804(f) to dismiss the petition as time-barred and dismissed the proceeding.
The parties' remaining contentions are improperly raised for the first time on appeal.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

2022-06213 DECISION & ORDER ON MOTION
In the Matter of Anthony Barberan, appellant,
v Town of Eastchester, respondent.
(Index No. 57616/22)

Appeal from an order and judgment (one paper) of the Supreme Court, Westchester County, dated July 11, 2022. Motion by the respondent to strike the appellant's reply brief on the ground, inter alia, that it raises new arguments for the first time on appeal. By decision and order on motion of this Court dated April 22, 2024, as amended August 20, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that the material ", as a resident of the Town," contained in the second paragraph on page one, footnote 1 on page one, the sentence beginning at the bottom of page six with the words "Here, there have been" and ending on page seven with the words "unlawful violation of the WCPA," and footnote 2 on page seven are stricken from the appellant's reply brief and have not been considered in the determination of the appeal, and the motion is otherwise denied.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court