U.S. Bank N.A. v Doura (2022 NY Slip Op 02301)

U.S. Bank N.A. v Doura

2022 NY Slip Op 02301

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-08752
 (Index No. 514437/17)

[*1]U.S. Bank National Association, etc., appellant-respondent, 
v
Ricot Doura, et al., respondents-appellants, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for appellant-respondent.
Solomon Rosengarten, Brooklyn, NY, for respondents-appellants.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals, and the defendants Ricot Doura and Appolo Pitton cross-appeal, from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 23, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Ricot Doura and Appolo Pitton, to strike their answer and counterclaim, and for an order of reference, and granted that branch of those defendants' cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred. The order, insofar as cross-appealed from, denied that branch of the cross motion of the defendants Ricot Doura and Appolo Pitton which was for summary judgment on their counterclaim to cancel and discharge of record the subject mortgage.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the cross motion of the defendants Ricot Doura and Appolo Pitton which was for summary judgment on their counterclaim to cancel and discharge of record a mortgage is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Ricot Doura and Appolo Pitton.
On January 30, 2006, the defendant Ricot Doura (hereinafter the borrower) executed a note in the sum of $500,000, which was secured by a mortgage on real property in Brooklyn (hereinafter the subject mortgage).
In or about May 2008, the plaintiff's predecessor in interest commenced an action to foreclose the subject mortgage against, among others, the borrower and the defendant Appolo Pitton (hereinafter together the defendants), alleging, inter alia, that the borrower had defaulted on the mortgage by failing to make the payment due November 1, 2007, and all payments due thereafter (hereinafter the prior action). In the complaint, the plaintiff's predecessor in interest elected "to [*2]declare immediately due and payable the entire unpaid balance of [the] principal." In an order dated March 2, 2017, the Supreme Court directed dismissal of the prior action without prejudice after the plaintiff's predecessor in interest failed to appear for a scheduled status conference.
In or about July 2017, the plaintiff commenced the instant action against, among others, the defendants to foreclose the subject mortgage, alleging, inter alia, that the borrower had defaulted on his mortgage by failing to make the payment due August 1, 2011, and all payments due thereafter. The defendants interposed an answer asserting, among other things, an affirmative defense that the action was time-barred and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaim, and for an order of reference. The defendants opposed the plaintiff's motion, and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred, and for summary judgment on their counterclaim to cancel and discharge of record the subject mortgage. The plaintiff opposed the cross motion.
In an order dated May 23, 2019, the Supreme Court denied the plaintiff's motion and granted that branch of the defendants' cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred, finding that the maturity date of the loan was accelerated when the prior action was commenced, and that the instant action was commenced more than six years after the prior action was commenced. The court denied that branch of the defendants' cross motion which was, in effect, for summary judgment on their counterclaim. The plaintiff appeals, and the defendants cross-appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844 [internal quotation marks omitted]).
Here, in support of their cross motion, the defendants established, prima facie, that the mortgage debt was accelerated when the plaintiff's predecessor in interest commenced the prior action and elected in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 31-32; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772; Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660). The defendants further demonstrated that this action was commenced in 2017, more than six years later (see CPLR 213[4]; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772; Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that this action was timely commenced based upon the savings provision of CPLR 205(a) is improperly raised for the first time on appeal (see Botach Mgt. Group v Gurash, 138 AD3d 771, 774; Deutsch v LoPresti, 272 AD2d 506, 507). Contrary to the plaintiff's assertion, the issue does not involve a pure question of law that appears on the face of the record and could not have been avoided if brought to the Supreme Court's attention.
Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground that this action was time-barred, and denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaim, and for an order of reference.
However, the Supreme Court erred in denying that branch of the defendants' cross [*3]motion which was for summary judgment on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage (see Wilmington Sav. Fund Socy., FSB v Rosenbaum, 197 AD3d 1132, 1133; Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 773; 21st Mtge. Corp. v Nweke, 165 AD3d 616, 618). The defendants established as a matter of law that this action was time-barred, and the plaintiff failed to demonstrate that the prior action was still pending and unresolved.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court