U.S. Bank N.A. v Bajwa (2022 NY Slip Op 05175)

U.S. Bank N.A. v Bajwa

2022 NY Slip Op 05175

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-09240
 (Index No. 500803/19)

[*1]U.S. Bank National Association, etc., respondent- appellant, 
v
Ahmedaziz Abdullah Bajwa, etc., appellant-respondent, et al., defendants.

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant-respondent.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles H. Jeanfreau of counsel), for respondent-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ahmedaziz Abdullah Bajwa appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 22, 2019. The order, insofar as appealed from, in effect, denied those branches of the motion of the defendant Ahmedaziz Abdullah Bajwa which were for summary judgment on his fifth counterclaim, seeking an award of attorneys' fees and expenses pursuant to Real Property Law § 282 and on his ninth counterclaim, seeking to cancel and discharge of record the subject mortgage. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant Ahmedaziz Abdullah Bajwa which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, those branches of the motion of the defendant Ahmedaziz Abdullah Bajwa which were for summary judgment on his fifth counterclaim, seeking an award of attorneys' fees and expenses pursuant to Real Property Law § 282 and on his ninth counterclaim, seeking to cancel and discharge of record the subject mortgage, are granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of attorneys' fees and expenses to be awarded to that defendant pursuant to Real Property Law § 282, and thereafter for the entry of a judgment canceling and discharging of record the subject mortgage and awarding such attorneys' fees and expenses; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Ahmedaziz Abdullah Bajwa.
In 2006, Laeeq Bajwa executed a note in the amount of $612,000, in favor of nonparty Paragon Mortgage Bankers Corp. (hereinafter Paragon), which was secured by a mortgage on real property located in Brooklyn. In 2009, Aurora Loan Services, LLC (hereinafter Aurora), Paragon's successor in interest, commenced an action to foreclose the mortgage (hereinafter the prior [*2]action). It is undisputed that the prior action was dismissed sua sponte by the Supreme Court in 2014. In October 2016, Laeeq Bajwa died, and Ahmedaziz Abdullah Bajwa (hereinafter the defendant) was named executor of the estate.
In 2019, the plaintiff, Aurora's successor in interest, commenced the instant foreclosure action against, among others, the defendant, in his capacity as executor. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, and for summary judgment on his fifth counterclaim, seeking an award of attorneys' fees and expenses pursuant to Real Property Law § 282, and on his ninth counterclaim, seeking to cancel and discharge of record the mortgage.
In an order dated July 22, 2019, the Supreme Court, inter alia, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, and, in effect, denied those branches of the defendant's motion which were for summary judgment on his fifth and ninth counterclaims. The defendant appeals, and the plaintiff cross-appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (U.S. Bank N.A. v Doura, 204 AD3d 721, 723 [internal quotation marks omitted]; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21).
Here, the defendant established, prima facie, that the mortgage debt was accelerated in 2009 when Aurora commenced the prior action and elected in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d at 723). The defendant further demonstrated that this action was commenced in 2019, more than six years later, and thus, was untimely (see id. at 723).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see id.; Wilmington Sav. Fund Socy., FSB v 117 Pulaski, LLC, 197 AD3d 686, 687). Contrary to the plaintiff's contention, it failed to demonstrate that Aurora lacked standing to commence the prior action, or that its election to accelerate the debt was otherwise invalid, such that the statute of limitations never began to run on the full debt (see Bank of New York Mellon v Dieudonne, 171 AD3d 34, 38; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
However, the Supreme Court erred in denying that branch of the defendant's motion which was for summary judgment on his ninth counterclaim, seeking to cancel and discharge of record the subject mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721). In so doing, the court improperly relied upon a ground not raised in the plaintiff's opposition to the motion (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 52). In any event, the defendant established, prima facie, that this action was time-barred, and the plaintiff did not offer any evidence in opposition demonstrating that the prior action was still pending and unresolved (see U.S. Bank N.A. v Doura, 204 AD3d at 724).
Finally, since the defendant has succeeded in his defense against the plaintiff's action to foreclose the mortgage, he is entitled to attorneys' fees and expenses pursuant to Real Property Law § 282 (see Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 774). We therefore remit the matter to the Supreme Court, Kings County, for a hearing to determine the amount of attorneys' fees and expenses to be awarded to the defendant pursuant to Real Property Law § 282, and thereafter for the entry of a judgment canceling and discharging of record the subject mortgage and awarding such attorneys' fees and expenses.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court