ARCPE 1, LLC v DeBrosse (2023 NY Slip Op 03498)

ARCPE 1, LLC v DeBrosse

2023 NY Slip Op 03498

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-02106
2019-02107
2020-00988
 (Index No. 8024/16)

[*1]ARCPE 1, LLC, respondent, 
v
Dominique M. DeBrosse, et al., appellants, et al., defendants.

Harvey Sorid, P.C., Uniondale, NY, for appellants.
Ross Eisenberg Law, PLLC, Cedarhurst, NY (Ross M. Eisenberg of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, Dominique M. DeBrosse and James G. DeBrosse, as administrator of the estate of Gerard J. DeBrosse, appeal from (1) a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated December 11, 2018, (2) an order of the same court entered December 12, 2018, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered November 21, 2019. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Dominique M. DeBrosse and Gerard J. DeBrosse and dismissing their respective counterclaims, to strike their respective answers, and for an order of reference, and, in effect, denied the cross-motion of Dominique M. DeBrosse and Gerard J. DeBrosse for summary judgment dismissing the complaint insofar as asserted against them. The order and judgment of foreclosure and sale, inter alia, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeals from the decision and the order are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Dominique M. DeBrosse and Gerard J. DeBrosse and dismissing their respective counterclaims, to strike the respective answers of Dominique M. DeBrosse and Gerard J. DeBrosse, and for an order of reference are denied, the cross-motion for summary judgment dismissing the complaint insofar as asserted against Dominique M. DeBrosse and Gerard J. DeBrosse, is granted, and the order entered December 12, 2018, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the decision must be dismissed as no appeal lies from a decision (see [*2]Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510). Additionally, the appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In May 2004, the defendant Dominique M. DeBrosse (hereinafter Dominique) executed a note in favor of nonparty Golden First Mortgage Corp. (hereinafter Golden First) in the principal amount of $436,000 (hereinafter the subject note). The subject note was secured by a mortgage on real property in Hempstead (hereinafter the subject mortgage). By undated endorsement, Golden First endorsed the subject note in favor of nonparty IndyMac Bank, F.S.B. (hereinafter IndyMac). In January 2005, IndyMac modified the subject note, and by undated endorsement, endorsed the subject note to nonparty Copperfield Investments, LLC (hereinafter Copperfield).
Insofar as relevant here, in February 2010, Copperfield commenced an action against Dominique and Gerard J. DeBrosse (hereinafter together the defendants), among others, seeking to foreclose the subject mortgage (hereinafter the 2010 foreclosure action). In 2012, Copperfield voluntarily discontinued the 2010 foreclosure action.
In November 2016, the plaintiff commenced this action to foreclose the subject mortgage, alleging that Dominique had defaulted by failing to make the monthly installment payment due on December 1, 2010, and thereafter. The defendants each filed an answer denying the allegations in the complaint and asserting affirmative defenses and counterclaims, alleging, inter alia, that the plaintiff lacked standing to foreclose, and that this action was time-barred.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and dismissing their respective counterclaims, to strike their respective answers, and for an order of reference. The defendants opposed the plaintiff's motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against them based on the plaintiff's lack of standing to foreclose and the expiration of the statute of limitations, among other reasons. The plaintiff opposed the defendants' cross-motion.
By order entered December 12, 2018, the Supreme Court granted the plaintiff's motion, in effect, denied the defendants' cross-motion, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
After the referee issued an oath and report, the plaintiff moved, inter alia, to confirm the report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered November 21, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and directed the sale of the subject property. The defendants appealed. The defendant Gerard J. DeBross has since died. By decision and order on motion of this Court dated December 8, 2021, as amended, James G. DeBrosse, as administrator of the estate of Gerard J. DeBrosse (hereinafter the administrator), was substituted for the deceased appellant, Gerard J. DeBrosse, and the caption was amended accordingly.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Dallas, 212 AD3d 680, 682). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
Here, the defendants demonstrated, prima facie, that the six-year statute of limitations began to run in February 2010, when Copperfield commenced the 2010 foreclosure action and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772, 773). The defendants further demonstrated that the instant action was commenced in November 2016, more than six years later (see U.S. Bank N.A. v Doura, 204 AD3d at 723). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the voluntary discontinuance of the 2010 foreclosure action did not serve to reset the statute of limitations. Under the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), the voluntary discontinuance of the 2010 foreclosure action did not "in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (CPLR 3217[e]; see CPLR 203[h]; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917).
The parties' remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be reached in light of our determination.
Accordingly, we reverse the order and judgment, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and dismissing their respective counterclaims, to strike the defendants' respective answers, and for an order of reference, and grant the cross-motion for summary judgment dismissing the complaint insofar as asserted against the defendants.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court