U.S. Bank N.A. v Armand (2023 NY Slip Op 05416)

U.S. Bank N.A. v Armand

2023 NY Slip Op 05416

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2020-09744
 (Index No. 69087/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Nelcida Armand, appellant, et al., defendant.

Marie A. Normil, Freeport, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nelcida Armand appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (William J. Giacomo, J.), dated October 21, 2020. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (Gerald E. Loehr, J.) dated January 25, 2019, inter alia, in effect, denying that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, granting that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve that defendant with the summons and complaint, and denying that branch of that defendant's cross-motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against her, upon an order of the same court (Gerald E. Loehr, J.) dated August 8, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nelcida Armand, to strike that defendant's answer, and for an order of reference, and denying that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her and for an award of attorneys' fees pursuant to Real Property Law § 282, upon an order of the same court (Gerald E. Loehr, J.) also dated August 8, 2019, inter alia, granting the same relief to the plaintiff and referring the matter to a referee to compute the amount due to the plaintiff, and upon an order of the same court (William J. Giacomo, J.) dated October 21, 2020, inter alia, granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and denying the cross-motion of the defendant Nelcida Armand, inter alia, to reject the referee's report, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nelcida Armand, to strike that defendant's answer, and for an order of reference are denied, that branch of that defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her is granted, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied as academic, and the orders [*2]dated August 8, 2019, and October 21, 2020, are modified accordingly.
On July 19, 2006, the defendant Nelcida Armand (hereinafter the defendant) executed a note in the sum of $328,000 in favor of Wilmington Finance, Inc. (hereinafter Wilmington). The note was secured by a mortgage on residential property located in Mount Vernon. By an assignment of mortgage dated May 29, 2008, Mortgage Electronic Registration Systems, Inc., as nominee for Wilmington, assigned the mortgage to the plaintiff.
On July 21, 2008, the plaintiff commenced an action (hereinafter the 2008 action) against the defendant, among others, to foreclose the mortgage. According to the parties, the plaintiff either abandoned or discontinued that action. On December 9, 2013, the plaintiff commenced a second action (hereinafter the 2013 action) to foreclose the mortgage. In an order dated June 24, 2015, the Supreme Court directed dismissal of the 2013 action pursuant to 22 NYCRR 202.27(b) and (c).
On November 5, 2015, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. On December 10, 2015, the defendant served an answer in which she asserted various affirmative defenses, including lack of personal jurisdiction, failure to comply with RPAPL 1303 and 1304 and CPLR 3012-b, and expiration of the statute of limitations. On February 9, 2016, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction based on improper service. In an order dated May 25, 2017, the Supreme Court directed a hearing to determine whether the defendant was properly served.
On August 1, 2018, the plaintiff moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. The defendant cross-moved, among other things, pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against her. The hearing to determine the validity of service of process was held on January 25, 2019, after which, in an order dated the same day, the Supreme Court, inter alia, determined that the defendant was not properly served, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant, in effect, denied the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her, and denied that branch of the defendant's cross-motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against her. The plaintiff then served the defendant with process on February 13, 2019.
In April 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the ground, among other things, that the action was time-barred, and for an award of attorneys' fees pursuant to Real Property Law § 282. In an order dated August 8, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's cross-motion. In an separate order also dated August 8, 2019, the court, among other things, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, and the defendant cross-moved, among other things, to reject the referee's report. In an order dated October 21, 2020, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. On the same date, the court issued an order and judgment of foreclosure and sale, among other things, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Dallas, 212 AD3d 680, 682). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT [*3]Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
Here, the defendant demonstrated that the mortgage debt was accelerated when the plaintiff commenced the 2008 action on July 21, 2008, and elected in the complaint "to declare immediately due and payable the entire unpaid balance of principal" (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772, 773). Since the plaintiff did not commence this action until November 5, 2015, more than six years later, the defendant established, prima facie, that this action was time-barred (see U.S. Bank N.A. v Doura, 204 AD3d at 723).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Barry v Cadman Towers, 136 AD3d 951, 952). The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4). On June 24, 2015, the Supreme Court directed dismissal of the 2013 action under 22 NYCRR 202.27 based upon a calendar default. A dismissal based upon a calendar default constitutes a "form of neglect" which does not qualify for the six-month extension of the statute of limitations contained within CPLR 205-a (cf. Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660).
Further, contrary to the plaintiff's contention, even assuming that the 2008 action was voluntarily discontinued by the plaintiff, such would not serve to reset the statute of limitations (see CPLR 3217[e]; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917).
Accordingly, we reverse the order and judgment of foreclosure and sale, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and grant that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
Although, in light of our determination, the defendant is the prevailing party for purposes of Real Property Law § 282 (see 21st Mtge. Corp. v Nweke, 165 AD3d 616, 619), her contention that she is entitled to an award of attorneys' fees pursuant to that statute is without merit. Real Property Law § 282(1) expressly provides that attorneys' fees are recoverable by a mortgagor only "in an action commenced against the mortgagee or by way of counterclaim in any action or proceeding commenced by the mortgagee against the mortgagor." Here, the defendant did not assert a counterclaim for an award of attorneys' fees pursuant to Real Property Law § 282 in her answer or move to amend her answer to assert such a counterclaim (cf. Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1056; Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 773).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., IANNACCI, CHAMBERS and MILLER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court