U.S. Bank NA v Schaer (2024 NY Slip Op 00445)

U.S. Bank NA v Schaer

2024 NY Slip Op 00445

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-00728
 (Index No. 51836/18)

[*1]U.S. Bank NA, etc., respondent, 
v
Donna Schaer, appellant, et al., defendant.

Clair Gjertsen & Weathers PLLC, White Plains, NY (Mary Aufrecht of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Brian S. McGrath of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Donna Schaer appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated December 17, 2019. The order, insofar as appealed from, denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the cross-motion of the defendant Donna Schaer for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage is granted, and two orders of the same court, both dated September 18, 2020, are vacated.
In April 2004, Scott M. Schaer borrowed the sum of $444,600 from Mortgageit, Inc. The loan was memorialized by a note and secured by a mortgage executed by Scott and the defendant Donna Schaer (hereinafter the defendant) on certain real property located in Cross River. Scott died on June 21, 2007. Thereafter, in April 2008, LaSalle Bank National Association (hereinafter LaSalle) commenced an action to foreclose the mortgage against the defendant and another defendant (hereinafter the 2008 action). In an order dated November 4, 2016, the Supreme Court directed dismissal of the complaint in the 2008 action as abandoned pursuant to CPLR 3215(c).
In February 2018, the plaintiff commenced this action to foreclose the mortgage against the defendant and another defendant. The defendant interposed an answer asserting various affirmative defenses and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. After the matter was released from the mandatory foreclosure settlement part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim. In an order dated December 17, 2019, the Supreme Court, inter alia, denied the defendant's cross-motion, determining, among other things, that the defendant failed to establish that LaSalle had standing to commence the 2008 action. The defendant appeals.
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Dallas, 212 AD3d 680, 682). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
Here, in support of her cross-motion, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run in April 2008 when LaSalle commenced the 2008 action and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772, 773). The defendant further demonstrated that this action was commenced in February 2018, more than six years later (see U.S. Bank N.A. v Doura, 204 AD3d at 723).
In opposition, the plaintiff failed to raise a triable issue of fact. Since the 2008 action was dismissed as abandoned pursuant to CPLR 3215(c), without an expressed judicial determination that the mortgage was not validly accelerated, the plaintiff is estopped from asserting that the mortgage was not validly accelerated in the 2008 action due to LaSalle's alleged lack of standing (see id. § 213[4][a]; Deutsche Bank National Trust Co. v Natal, 217 AD3d 835, 836; SYCP, LLC v Evans, 217 AD3d 707, 709; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917).
The plaintiff's contention that the defendant acknowledged the debt under General Obligations Law § 17-101 is without merit (see id. § 17-105[4], [5]; Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc., 38 NY3d 467, 473).
Accordingly, the Supreme Court should have granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court