HSBC Bank USA, N.A. v Mohammed (2024 NY Slip Op 06620)

HSBC Bank USA, N.A. v Mohammed

2024 NY Slip Op 06620

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-08296
 (Index No. 517252/18)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Nussarat Mohammed, appellant, et al., defendants.

Menashe & Associates LLP, Suffern, NY (David Lapa of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Charles W. Miller III, Edward K. Lenci, and Mohamed F. Sweify of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nussarat Mohammed appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 18, 2022. The order, insofar as appealed from, denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaims pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and pursuant to Real Property Law § 282 for an award of attorneys' fees.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the cross-motion of the defendant Nussarat Mohammed for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaims pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and pursuant to Real Property Law § 282 for an award of attorneys' fees is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of attorneys' fees to be awarded to that defendant pursuant to Real Property Law § 282, and thereafter for the entry of a judgment, inter alia, canceling and discharging of record the subject mortgage and awarding such attorneys' fees.
In April 2007, the plaintiff, as mortgagee, commenced an action (hereinafter the 2007 action) against the defendant Nussarat Mohammed (hereinafter the defendant), as mortgagor, among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. In the complaint, the plaintiff elected to accelerate the entire outstanding mortgage debt.
In April 2010, while the 2007 action was still pending, the plaintiff commenced a second action (hereinafter the 2010 action) against the defendant, among others, to foreclose the mortgage. In the complaint, the plaintiff elected to accelerate the entire outstanding mortgage debt. On November 15, 2010, the plaintiff voluntarily discontinued the 2007 action. On April 19, 2016, the plaintiff voluntarily discontinued the 2010 action. A "[n]otice of [d]e-acceleration" of the mortgage debt dated April 19, 2016, was mailed to the defendant.
On August 22, 2018, the plaintiff commenced the instant action against the defendant, among others, to foreclose the mortgage. In the complaint, the plaintiff elected to accelerate the entire outstanding mortgage debt. In her answer, the defendant alleged that this action was time-[*2]barred by the applicable six-year statute of limitations and asserted, among other things, a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The defendant also asserted, inter alia, a counterclaim pursuant to Real Property Law § 282 for an award of attorneys' fees.
The plaintiff moved, among other things, for summary judgment on the complaint and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaims pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage and pursuant to Real Property Law § 282 for an award of attorneys' fees. The plaintiff opposed the cross-motion. By order dated August 18, 2022, the Supreme Court, inter alia, denied the defendant's cross-motion. The defendant appeals.
"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (U.S. Bank NA v Schaer, 223 AD3d 928, 929). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916).
Here, in support of her cross-motion, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run in April 2007, when the plaintiff commenced the 2007 action and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772, 773). The defendant further demonstrated that this action was commenced on August 22, 2018, more than six years later (see U.S. Bank N.A. v Doura, 204 AD3d at 723). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the acceleration of the debt was validly revoked (see generally Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d 916, 918). The plaintiff, in part, relied on the notice of de-acceleration. However, that notice was not delivered within the applicable six-year limitations period and, thus, failed to establish that the plaintiff de-accelerated the mortgage debt within the limitations period (see generally Soroush v Citimortgage, Inc., 161 AD3d 1124, 1127; cf. HSBC Bank USA, N.A. v Michael, 191 AD3d 850, 852).
In addition, in opposing the defendant's cross-motion, the plaintiff relied on a purported loan modification agreement dated February 7, 2012. However, that agreement did not constitute a reaffirmation of the mortgage debt sufficient to restart the statute of limitations. In this regard, while the plaintiff relied on General Obligations Law § 17-101, that reliance was misplaced. General Obligations Law § 17-105(1), not General Obligations Law § 17-101, governs whether the statute of limitations has been tolled or revived in an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage in which the limitations period for commencing a foreclosure action has expired (see Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc., 38 NY3d 467, 470). General Obligations Law § 17-105(1) provides that "a [written] promise to pay [a] mortgage debt, if made after the accrual of a right of action to foreclose the mortgage . . . make[s] the time limited for commencement of the action run from the date of the . . . promise" (emphasis added). Here, even assuming, arguendo, that the loan modification agreement was valid, the instant action was still untimely because it was not commenced until more than six years after the date of execution of the loan modification agreement. Furthermore, it was inappropriate for the Supreme Court to, sua sponte, raise an issue that the plaintiff had not raised concerning a superseding agreement (see Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071).
Accordingly, the Supreme Court erred in denying those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint insofar as asserted against [*3]her as time-barred and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In light of the foregoing, we need not consider the parties' contentions concerning the Foreclosure Abuse Prevention Act (L 2022, ch 821).
Since the defendant has succeeded in her defense in the instant action, she is entitled to summary judgment on her counterclaim pursuant to Real Property Law § 282 for an award of attorneys' fees (see U.S. Bank N.A. v Bajwa, 208 AD3d 1197, 1199). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine the amount of attorneys' fees to be awarded to the defendant pursuant to Real Property Law § 282, and thereafter for the entry of a judgment, inter alia, canceling and discharging of record the mortgage and awarding such attorneys' fees.
The plaintiff's remaining contention is without merit.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court