Citimortgage, Inc. v Gunn (2025 NY Slip Op 00422)

Citimortgage, Inc. v Gunn

2025 NY Slip Op 00422

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-04966
 (Index No. 6357/16)

[*1]Citimortgage, Inc., appellant, 
v
Peter Gunn, respondent, et al., defendants.

Akerman, LLP, New York, NY (Jordan M. Smith and Scott B. Brenner of counsel), for appellant.
Genevieve Lane Lopresti, Massapequa, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered March 17, 2023. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Peter Gunn and for an order of reference and granted that branch of the cross-motion of the defendant Peter Gunn which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed, with costs.
In June 2008, the defendant Peter Gunn (hereinafter the defendant) executed a note secured by a mortgage on real property located in Bellmore. On March 19, 2009, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2009 action). The 2009 action was discontinued in June 2010, and the plaintiff sent a de-acceleration letter dated January 29, 2015, to the property address.
On September 2, 2016, the plaintiff commenced the instant action to foreclose the mortgage. The defendant interposed an answer asserting various affirmative defenses, including that the action was barred by the statute of limitations. In May 2022, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In an order entered March 17, 2023, the Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the [*2]entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; see U.S. Bank N.A. v Medianik, 223 AD3d at 937).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run on March 19, 2009, when the plaintiff commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Medianik, 223 AD3d at 938; U.S. Bank N.A. v Doura, 204 AD3d 721, 723). The defendant further demonstrated that the instant action was commenced on September 2, 2016, more than six years later (see U.S. Bank N.A. v Doura, 204 AD3d at 723).
The plaintiff contends that the discontinuance of the 2009 action and the letter dated January 29, 2015, purporting to de-accelerate the mortgage debt served to revoke the acceleration of the debt and that, therefore, this action was timely. However, pursuant to CPLR 203(h), part of the recently enacted Foreclosure Abuse and Prevention Act (hereinafter FAPA), "[o]nce a cause of action upon an instrument described in [CPLR 213(4)] has accrued, no party may, in form or effect, unilaterally waive postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute" (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 819). Thus, "neither the voluntary discontinuance of the [2009] action nor the letter [dated January 29, 2015], purporting to de-accelerate the mortgage debt served to reset the statute of limitations" (U.S. Bank N.A. v Medianik, 223 AD3d at 938; see CPLR 3217[e]; 203[h]; ARCPE 1, LLC v DeBrosse, 217 AD3d 999, 1001-1002).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are also without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, _____ AD3d _____, 2024 NY Slip Op 06623 [2d Dept]; 97 Lyman Ave., LLC v MTGLQ Investors, L.P., _____ AD3d _____, 2024 NY Slip Op 06611 [2d Dept]).
Accordingly, the Supreme Court correctly granted that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
For similar reasons, the plaintiff failed to establish its entitlement, among other things, to summary judgment on the complaint insofar as asserted against the defendant and an order of reference.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court