U.S. Bank N.A. v Fahim (2025 NY Slip Op 06887)

U.S. Bank N.A. v Fahim

2025 NY Slip Op 06887

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-11793
 (Index No. 708698/18)

[*1]U.S. Bank National Association, etc., appellant,
v
Zakia Fahim, et al., respondents, et al., defendants.

J. Robbin Law, PLLC, Armonk, NY (Jonathan M. Robbin and Austin O'Brien of counsel), for appellant.
Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered September 26, 2023. The order granted the motion of the defendants Zakia Fahim and 17740 105th Corp. for leave to renew (1) those branches of their prior cross-motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant 17740 105th Corp. and on that defendant's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, which had been denied in an order of the same court dated June 5, 2019, and (2) their prior cross-motion for summary judgment dismissing the complaint insofar as asserted against them, which had been denied in an order of the same court dated September 7, 2022, and, upon renewal, in effect, vacated so much of the order dated June 5, 2019, as denied those branches of the first prior cross-motion and so much of the order dated September 7, 2022, as denied the second prior cross-motion, and thereupon granted those branches of the first prior cross-motion and the second prior cross-motion, and denied the plaintiff's cross-motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference.
ORDERED that the order entered September 26, 2023, is affirmed, with costs.
On August 29, 2008, Countrywide Bank, FSB (hereinafter Countrywide), commenced an action against the defendant Zakia Fahim, among others, to foreclose a mortgage on certain real property located in Queens (hereinafter the 2008 action). The 2008 action was voluntarily discontinued in December 2012.
In June 2018, the plaintiff commenced this action against Fahim and the defendant 17740 105th Corp. (hereinafter together the defendants), among others, to foreclose the mortgage. In December 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against 17740 105th Corp. and for an order of reference. The defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against 17740 105th Corp. as time-barred and on 17740 105th Corp.'s counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In an order dated June 5, 2019, the Supreme Court, inter alia, denied those branches of the motion and those branches of the cross-motion.
In March 2020, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. In order dated September 7, 2022, the Supreme Court denied the motion and the cross-motion.
In January 2023, the defendants moved for leave to renew, based upon a change in the law, those branches of their prior cross-motion which were for summary judgment dismissing the complaint insofar as asserted against 17740 105th Corp. as time-barred and on 17740 105th Corp.'s counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and their prior cross-motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The plaintiff cross-moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order entered September 26, 2023, the Supreme Court denied the plaintiff's cross-motion, granted the defendants' motion for leave to renew, and, upon renewal, in effect, granted the subject branches of the defendants' first prior cross-motion and the defendants' second prior cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; see U.S. Bank N.A. v Medianik, 223 AD3d at 937).
Here, the defendants demonstrated, prima facie, that the six-year statute of limitations began to run on August 29, 2008, when Countrywide commenced the 2008 action and elected in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Medianik, 223 AD3d at 938; U.S. Bank N.A. v Doura, 204 AD3d 721, 723). The defendants further demonstrated that this action was commenced in June 2018, more than six years later (see U.S. Bank N.A. v Doura, 204 AD3d at 723).
Under the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]), the voluntary discontinuance of the 2008 action "did not serve to de-accelerate the mortgage nor did it 'revive or reset' the statute of limitations" (97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1041, quoting CPLR 3217[e]; see CPLR 203[h]; Citimortgage, Inc. v Gunn, 234 AD3d 922, 923; ARCPE 1, LLC v DeBrosse, 217 AD3d 999, 1001-1002).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality are without merit (see FV-1, Inc. v Palaguachi, 234 AD3d 818; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
The plaintiff's remaining contention is without merit.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court