CIT Bank, N.A. v Byers (2023 NY Slip Op 04978)

CIT Bank, N.A. v Byers

2023 NY Slip Op 04978

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-00359 
2022-00360
 (Index No. 619071/17)

[*1]CIT Bank, N.A., respondent, 
v
Andrew Byers, etc., et al., appellants, et al., defendants.

Kenneth C. Henry, Jr., Westbury, NY, for appellants.
Schwartz Sladkus Reich Greenberg Atlas, LLP, New York, NY (Ethan A. Kobre and Bradley Arant Boult Cummings, LLP [R. Aaron Chastain], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Andrew Byers and Tarzan Grant Irby appeal from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated December 10, 2021. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief, struck the answer of those defendants, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Andrew Byers and Tarzan Grant Irby, to strike their answer, and for an order of reference are denied.
In June 2008, the defendants Andrew Byers and Tarzan Grant Irby (hereinafter together the defendants) borrowed $310,133 from IndyMac Bank, F.S.B. (hereinafter IndyMac). The loan was memorialized by a note and secured by a mortgage on property located in Amityville. In July 2011, OneWest Bank, FSB (hereinafter OneWest), as assignee of the loan, commenced an action to foreclose the mortgage (hereinafter the 2011 action). In September 2015, the Supreme Court granted OneWest's motion for a default judgment. The defendants appealed, but ultimately withdrew the appeal after the plaintiff, CIT Bank, N.A., as successor in interest by merger to OneWest, moved to voluntarily discontinue the 2011 action. The court issued an order of discontinuance dated June 23, 2017.
On October 3, 2017, the plaintiff commenced the instant action against the defendants, among others. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion, arguing, among other things, that the action was barred by the statute [*2]of limitations. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see Lubonty v U.S. Bank N.A., 34 NY3d at 261; U.S. Bank N.A. v Dallas, 212 AD3d 680, 682). Under RPAPL 1501(4), "a person with an estate or interest in real property subject to an encumbrance may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (Milone v US Bank N.A., 164 AD3d 145, 151; see RPAPL 1501[4]).
Here, the six-year statute of limitations began to run on the entire debt in July 2011, when the plaintiff's predecessor in interest commenced the 2011 action and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Igbal, 195 AD3d 772, 773). The instant action was commenced in October 2017, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Doura, 204 AD3d at 723). Under the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), the voluntary discontinuance of the 2011 action did not "in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (CPLR 3217[e]; see CPLR 203[h]; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 917). Under these new legal principles, the plaintiff cannot rely upon the voluntary discontinuance of the 2011 action to establish entitlement to judgment as a matter of law on the issue of whether enforcement of the mortgage loan is barred by the statute of limitations.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
In view of the foregoing, we need not reach the defendants' remaining contentions regarding the plaintiff's motion.
We decline the defendants' request to search the record and award the defendants summary judgment dismissing the complaint.
BARROS, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court