Bank of N.Y. Mellon Trust Co., N.A. v Huerta (2024 NY Slip Op 50474(U))

[*1]

Bank of N.Y. Mellon Trust Co., N.A. v Huerta

2024 NY Slip Op 50474(U)

Decided on April 24, 2024

Supreme Court, Queens County

Kerrigan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 24, 2024
Supreme Court, Queens County

The Bank of New York Mellon Trust Company, N.A., FKA 
 The Bank of New York Trust Company, N.A., as trustee in trust for the benefit of the Certificateholders of 
 Multi-Class Mortgage Pass-Through Certificates, Chaseflex Trust Series, 2007-M1, Plaintiff,

against
Octavio Huerta, Altagracia Huerta, et.al., Defendants.

Index No. 708034/23

Attorneys for Plaintiff:
Jacqueline Carosa, Esq.
Fein, Such & Crane, LLP
28 E. Main Street, Suite 1800
Rochester, NY 14614 
(585)232-7400
Kyle B. Stefanczyk, Esq.
Hinshaw & Culbertson, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
(212) 471-6234
Attorney for Defendant:
Paraskevas Binakis, Esq.
Binakis Law, PC
28-60 31 Street
Astoria, NY 11102
(718) 626-2853

Kevin J. Kerrigan, J.

The following papers numbered E110-E140, E142-E143 & E146-E165 read on this motion by Plaintiff for a judgment of foreclosure and sale; and cross-motion by Defendants for an order to renew the memorandum decision dated September 28, 2023, and order of reference issued on November 22, 2023, vacating them, and dismissing the complaint as time barred.
Papers Numbered
Notice of Motion-Affirmation-Exhibits E110-140
Notice of Cross-Motion-Affirmation-Exhibits. E142-143
Memorandum of Law in Opposition-Exhibits E146-165
Upon the foregoing papers it is ordered that the motion is decided as follows:
Motion by Plaintiff for a judgment of foreclosure and sale is denied. Cross-motion by Defendants for an order to renew the memorandum decision dated September 28, 2023, and order of reference issued on November 22, 2023, vacating them, and dismissing the complaint as time barred, is granted.
In this foreclosure action, Defendant Octavia Huerta executed an interest only period adjustable rate to First Meridian bank in the amount of $6000,000 on April 24, 2007. Thereafter, the mortgage was transferred two times, most recently to Plaintiff on September 15, 2014. Two prior foreclosure actions were commenced on the same mortgage, one in 2009, and one in 2017. Plaintiff voluntarily discontinued the 2009 action. After the 2017 action was commenced, the parties entered into a stipulation dated June 20, 2019 wherein the parties agreed, inter alia, to the timeliness of that action and waived any defense or claim alleging a violation of the statute of limitations. Thus, the 2017 action was deemed timely. The 2017 action was eventually dismissed by Justice Allan B. Weiss for failure to properly comply with RPAPL §1304 by order issued April 13, 2022. Plaintiff appealed the decision. The appeal was eventually dismissed for failure to perfect on November 12, 2022. Consequently, the action was not terminated for any of the reasons listed under CPLR §205-a or CPLR §205(a) and it was appropriate for Plaintiff to recommence the action within six months from the Appellate Division, Second Department's November 12, 2022 dismissal. Indeed, an appeal acts as a stall for the purposes of "termination" under CPLR §205(a) and CPLR §205-a (see U.S. Bank N.A. v. Coleman, 215 AD3d 780 [2d Dept. 2023]; Malay v. City of Syracuse, 25 NY3d 323 [2015]). Therefore, the six month deadline ran from the dismissal of the appeal rather than Justice Weiss' dismissal. Thereafter, Plaintiff commenced this action on April 18, 2023.
Defendants contended in opposition to the Plaintiff's prior motion for summary judgment that the action should be dismissed because the 2017 action was untimely and thus, the instant action is similarly untimely. The Court found in its order issued September 28, 2023, that the action was commenced timely pursuant to the stipulation entered into by the parties in the 2017 action and pursuant to the Foreclosure Abuse Prevention Act ("FAPA").
On December 30, 2022, Governor Kathy Hochul signed FAPA into law. The new law was a direct response to the Court of Appeals decision in Freedom Mortg. Corp. V. Engel, which seemingly permitted lenders to restart foreclosure actions after the statute of limitations expired (see Freedom Mortg. Corp. V. Engel, 37 N.Y.926 [2021]). After its passage, the legislature amended and codified various statutes. CPLR §205-a was created and is entitled "termination of [*2]certain actions related to real property", and which is more stringent than CPLR §205(a). CPLR §203, entitled "method of computing periods of limitation generally," was modified to add subsection (h). RPAPL §1301, entitled "separate action for mortgage debt" was modified to add subsection (4). The most significant of the forgoing modifications is the newly promulgated CPLR §205-a, which provides that lenders may only take advantage of the "saving statute" if the matter was terminated in any manner other than: voluntarily discontinue the action, failure to obtain personal jurisdiction over the defendant, dismissal for any form of neglect including for violation of court rules or individual part rules, failure to comply with scheduling orders, by default due to nonappearance at a conference or at calendar call, failure to submit an order or judgment, or upon a final judgment upon the merits. If a foreclosure action is dismissed for any of the forgoing reasons, CPLR §205-a cannot be used to revive the action and extend the limitations period.
An application to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew and, for that reason, were not made known to the court (see, Pahl Equip. Corp. v. Kassis, 182 AD2d 22 [1st Dept. 1992] [lv. to app. dismissed in part and denied in part 80 NY2d 1005, reargument denied 81 NY2d 782 [1993]; Foley v. Roche, 68 AD2d 558 [1st Dept. 1979]) and that such additional facts "would change the prior determination" of the Court (see CPLR §2221[e][2]). A change in the law that would change the Court's prior determination is specifically included within the confines of the statute (see id.). Moreover, a "clarification of decisional law" similarly triggers renewal in the same way a change in the law would (see Dinallo v. DAL Elec., 60 AD3d 620 [2d Dept. 2009]).
The Court noted in its order issued September 28, 2023 that pursuant to the CPLR, and prior to FAPA, a voluntary discontinuance by a Plaintiff within the statute of limitations could have qualified as a deceleration and operated to extend the statute of limitations (see Freedom Mtge. Corp. V. Engel, 37 NY3d 1 [2021]; rev'd Bank of Am., N.A. v. Kessler, 39 NY3d 317 [2023]). However, in granting Plaintiff's motion for summary judgment, the Court found that FAPA did not apply retroactively. Indeed, at that time, the Appellate Division had not yet squarely considered the issue. Since then, First Department has unequivocally determined that FAPA's application is in fact retroactive (see Genovese v. Nationstar Mtge. LLC, 223 AD3d 37 [1st Dept. 2023]).
The Second Department has similarly addressed the issue of FAPA's retroactivity. In Armand, the Supreme Court dismissed the prior action based upon a calendar default (see U.S. Bank N.A. v. Armand, 220 AD3d 963 [2d Dept. 2023]). Plaintiff commenced the second action pursuant to CPLR §205-a (see id.). The Second Department found that since dismissal based upon a calendar default is considered a "form of neglect," it did not qualify for an extension of the statute of limitations under CPLR §205-a (see id.).). The motion, which granted Plaintiff a judgment of foreclosure and sale, was reversed, and the second action was deemed barred by the statute of limitations (see id.) The Court has addressed FAPA's retroactivity specifically with regard to voluntary discontinuances as well (see CIT Bank, N.A. v. Byers, 220 AD3d 673 [2d Dept. 2023]). In Byers, the subject mortgage was accelerated and the statute of limitations began to run in 2011 when the first action was commenced (see id.). The second action was commenced in 2017, more than six years later (see id.). The Court found that the voluntary [*3]discontinuance did not "waive, postpone, cancel, toll, extend, revive, or reset the limitations period" (see id.). Thus, the Plaintiff could not rely on the voluntary discontinuance on the issue of whether enforcement of the mortgage was barred by the statute of limitations (see id.). The circumstances in Byers are similar to the facts of this matter. The first action was commenced in 2009 and was voluntarily discontinued. Pursuant to the Second Department's ruling, the voluntary discontinuance did not operate to decelerate the loan. Accordingly, the statute of limitations began to run when the 2009 action was commenced, and expired on January 22, 2015. Thus, the instant action, which was commenced in 2023, is now barred by the statute of limitations.
This Court is not persuaded by the Plaintiff's argument that Byers is not binding on this Court and was instead a "lone decision" because it did not involve a challenge to the constitutionality of FAPA. In fact, the Second Department clearly addressed the retroactivity of FAPA in Byers in finding that the statute of limitations had run, notwithstanding the fact that the word "retroactive" does not appear in the decision. Had the Court chosen not to apply FAPA retroactively, it would have affirmed the grant of summary judgment in favor of the Plaintiff. The facts are so substantially on point with the instant matter, that this Court cannot deny the retroactivity of FAPA, nor can it ignore the principle of stare decisis and deviate from the Second Department's ruling.
The Court also finds that the 2017 stipulation, wherein the parties agreed to the timeliness of the action, has no effect on the finding that the action is nonetheless barred by the statute of limitations. The stipulation dated June 20, 2019 provides, inter alia, that the "Defendants hereby stipulate that the instant Foreclosure Action was timely commenced and hereby waive any defense or claim alleging a violation of the statute of limitations." Viewing the stipulation, there could be a question as to whether it applies to this action, and thus, renders the application of FAPA potentially unnecessary, as the parties are "free to chart their own [procedural] course" by stipulation (see U.S. Bank N.A. v. Gordon, 158 AD3d 832 [2d Dept. 2018]). A review of the stipulation leads this Court to conclude that the parties agreed to the timeliness of the 2017 action only. Indeed, it provides that the parties agreed that the "instant Foreclosure" (emphasis added) was timely, meaning the 2017 action. There is nothing to support the contention that the parties agreed to the timeliness of the 2009 or the instant action.
Plaintiff is correct, in that the Second Department has repeatedly referred cases back to the Supreme Court for determination of issues relating to the constitutionality of FAPA (see Wells Fargo Bank, N.A. v. Cafasso, 223 AD3d 695 [2d Dept. 2024]; Sarkar v. Deutsche Bank Trust Co. Ams., 2024 NY App. Div. LEXIS 1162 [2d Dept. 2024]; Johnson v. Funding Mtge. Trust 2017-I, 220 AD3d 929 [2d Dept. 2023]; Deutsche Bank Natl. Trust Co. v. Wong, 218 AD3d 742 [2d Dept. 2023]; U.S. Bank N.A. v. Santos, 218 AD3d 827 [2d Dept. 2023]). The CPLR mandates that a party challenging the constitutionality of a state statute, local law, ordinance, or regulation file proof of service on the Attorney General (see CPLR §1012[b][3]; see also NY Exec Law §71; Genovese v. Nationstar Mtge. LLC, 223 AD3d 37 [1st Dept. 2023]). Noncompliance with this section renders the Court unable to consider the issue (see id.). Here, the annexed affidavit of service of the motion demonstrates that the Plaintiff appropriately served a copy of its motion papers upon the Attorney General. The Attorney General did not appear on this motion to be heard.
Plaintiff alleges that retroactivity of FAPA violates the Contracts Clause of the Federal Constitution, the Takings Clause of the Fifth Amendment, and the Due Process Clause of the Fourteenth Amendment. It is well-settled that "acts of the Legislature are entitled to a strong presumption of constitutionality" (see Matter of County of Chemung v. Shah, 28 NY3d 244 [2016]; Cohen v. Cuomo, 19 NY3d 196 [2012]). This presumption may only be overcome by a showing of unconstitutionality beyond a reasonable doubt (see id.). The Court should only strike down legislation on the grounds of unconstitutionality as a last resort (see Lighthouse Shores, Inc. v. Islip, 41 NY2d 7 [1976]).
The averment that FAPA is unconstitutional because it revokes a lender's longstanding right to decelerate a loan is without merit. Prior to Engel, foreclosure actions were commonly dismissed where the discontinuance did not clearly and unequivocally constitute a deceleration (see Freedom Mtge. Corp., 37 NY3d at 1; Bank of NY Mellon v. Yacoob, 182 AD3d 566 [2d Dept. 2020]; HSBC Bank, N.A. v. Vaswani, 174 AD3d 514 [2d Dept. 2019]; Bank of NY Mellon v. Craig, 169 AD3d [2d Dept. 2019]). Accordingly, reliance on the purported longstanding right is misplaced, as unilateral deceleration was not permissible in every case nor did the Courts apply the principle as a matter of course.
Plaintiff next asserts that FAPA violates the Contracts Clause of the Federal Constitution, which prohibits states from enacting laws which impair the obligation of contracts (see U.S. Const. Article I, §10). The Contracts Clause must be viewed against the State's power to "safeguard the vital interests of its people" (see Home Bldg. & Loan Assn. v. Blaisdell, 290 U.S. 398 [1934]). In determining a violation under the Takings Clause, the Court must inquire as to whether the state law operates as "a substantial impairment of a contractual relationship" (see Allied Structural Steel Co. v. Spannaus, 438 U.S. 234 [1978]). Plaintiff avers that since the mortgage which is the subject of this foreclosure specifically provides that the lender may revoke acceleration, retroactive application of FAPA eliminated a contractual right in contravention of the Takings Clause. Indeed, the newly enacted CPLR §203(h) prohibits the unilateral revocation of acceleration of the mortgage, and thus, an extension of the statute of limitations. However, there is no provision contained within the CPLR which prohibits the parties from contractually agreeing that certain actions may act as a deceleration of the mortgage and reset the statute of limitations. Accordingly, this Court cannot conclude that FAPA operates as a substantial impairment because the parties freedom to contract to specific terms has not been disturbed by its enactment.
Finally, Plaintiff contends that retroactive application of FAPA constitutes a violation of the Due Process Clause under the Fourteenth Amendment. In support, Plaintiff argues that the legislation unfairly denies the lender its foreclosure rights after more than a century of established practice with no forewarning. The Court of Appeals has held that in order for retroactive legislation to comport with due process, "there must be a persuasive reason for the potentially harsh impacts" (see Matter of Regina Metro. Co., LLC v. New York State Div. Of House. & Community Renewal, 35 NY3d 332 [2020]). Constitutionality of retroactive legislation must be analyzed on a case-by-case basis (see Hodes v. Axelrod, 70 NY2d 364 [1987]) and must be supported by a rational basis (see id.). The forgoing is true whether retroactivity is defined by a limited specific period or whether the retroactivity is "integral to the fundamental aim of the legislation" and applies on a broader scale (see Matter of Regina Metro. Co., LLC, 35 NY3d at [*4]376-380 [2020]). Despite Plaintiff's contention, the holding in Ruffolo is distinguishable from the case at bar. In that case, the matter was dismissed based upon the retroactive application of CPLR §214(6), which shortened the statute of limitations and immediately rendered a timely commenced action barred by the statute of limitations (see Ruffolo v. Garbarini & Scher, P.C., 239 AD2d 8 [1st Dept. 1998]. The First Department found that the statute violated the Due Process Clause (see id.). Indeed, a statute is unconstitutional where its retroactive application would immediately dismiss an action that was otherwise timely commenced (see id.). Here, CPLR §205-a is not a statute of limitations, but a "grace period," which applies if applicable (see United States Fidelity & Guaranty Co v. E.W. Smith Co., 46 NY2d 498 [1979] [emphasis added]). The relevant portion of FAPA does not operate to shorten the statute of limitations, it merely addresses its expiration and any potential tolling. The intent of the Legislature in enacting FAPA was to address an ongoing issue whereby lenders commonly avoided strict compliance with remedial statutes and manipulated the statute of limitations to their advantage. The Legislature sought to clarify the meaning of existing statutes and achieved this goal by "codify[ing] [the] correct judicial applications thereof, and rectify[ing] erroneous interpretations thereof" (see 2021 NY S.B. 5473D). Thus, the retroactivity of FAPA was clearly integral to the fundamental aim of the legislation and was supported by a persuasive reason. Indeed, the Legislature sought fit to promulgate the legislation to combat the abuse of the judicial process by lenders to the detriment of borrowers. The potentially harsh impact is outweighed by the statutory goal and qualifies as a rational basis. Thus, based on all of the forgoing, the Plaintiff has failed to meets its burden in establish the unconstitutionality of FAPA.
Accordingly, the application by the Plaintiff for a judgment of foreclosure and sale is denied. Any analysis of the contentions in support of the motion would be purely academic in light of the above. Based on the clarification by the Appellate Division that FAPA must apply retroactively and absent a finding of its unconstitutionality, this Court finds that the instant action is barred by the statute of limitations and may not be revived pursuant to CPLR §205-a. The Court's memorandum decision dated September 28, 2023 and subsequent order issued November 20, 2023, which granted, inter alia, summary judgment and an order of reference, are hereby vacated, and the complaint is dismissed.
Serve a copy of this order with notice of entry upon all parties without undue delay.
Dated: April 24, 2024
KEVIN J. KERRIGAN, J.S.C.